HONIG, SUPERINTENDENT OF PUBLIC INSTRUC-
TION OF CALIFORNIA, ET AL. *v.* STUDENTS OF THE
CALIFORNIA SCHOOL FOR THE BLIND ET AL.

No. 84–436.   Decided April 1, 1985

PER CURIAM.

Respondents, students of the California School for the
Blind, brought this lawsuit in Federal District Court against
petitioner state officials, claiming among other things that
the school's physical plant did not meet applicable seismic
safety standards. Their complaint alleged rights of action
under the Education for All Handicapped Children Act of
1975, 89 Stat. 773, 20 U. S. C. §§ 1232, 1401, 1405, 1406,
1411–1420, 1453, and § 504 of the Rehabilitation Act of 1973,
87 Stat. 394, as amended, 29 U. S. C. § 794. After a lengthy

trial the District Court issued a "preliminary injunction" requiring the State to conduct additional tests of school grounds to aid in assessment of the school's seismic safety. Petitioners appealed to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U. S. C. § 1292(a)(1). That court affirmed the issuance of the preliminary injunction on the ground that the lower court had not abused its discretion. 736 F. 2d 538 (1984). The court expressly noted that it was not finally deciding the merits of the action, but only was assessing the District Court's reasoning to determine whether it had appropriately applied the traditional calculus for granting or denying preliminary injunctions. *Id.*, at 542–543, 546–547, 550.

Petitioners have petitioned this Court for a writ of certiorari to review the judgment of the Ninth Circuit, but in the meantime the tests ordered by the District Court's preliminary injunction have been completed. We therefore are confronted with a situation nearly identical to that addressed in *University of Texas* v. *Camenisch*, 451 U. S. 390 (1981), in which the petitioners had completely complied with the terms of a preliminary injunction by the time the case reached this Court. In *Camenisch* we concluded that "the question whether a preliminary injunction should have been issued here is moot, because the terms of the injunction . . . have been fully and irrevocably carried out." *Id.*, at 398. Because only that aspect of the lawsuit was moot, however, we merely vacated the judgment of the Court of Appeals, and remanded the case for further proceedings. *Ibid.* Here, as in *Camenisch*, the only question of law actually ruled on by the Court of Appeals was whether the District Court abused its discretion in applying the complicated calculus for determining whether the preliminary injunction should have issued, an issue now moot. No order of this Court could affect the parties' rights with respect to the injunction we are called upon to review. Other claims for relief, however, still remain to be resolved by the District Court. We accordingly

grant the petition for writ of certiorari, and vacate the judgment of the Court of Appeals, with instructions to remand the case to the District Court for further proceedings consistent with this opinion.

JUSTICE POWELL took no part in the consideration or decision of this case.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN and JUSTICE STEVENS join, dissenting.

Although I agree with the majority that a case such as this could be moot if the full burden imposed by the preliminary injunction has passed, it is not at all clear that that is the situation here. If this case is moot, the facts making it moot occurred subsequent to the Court of Appeals decision, and so do not appear on the record. That makes this case quite distinct from *University of Texas* v. *Camenisch*, 451 U. S. 390 (1981), where the issue of mootness had been raised, argued, and decided by the Court of Appeals. In the instant case, this Court has received no papers from the parties on this issue other than a petition for certiorari and a response. In those papers, neither party has assured the Court that the factual premises of mootness have actually been fulfilled, nor have the parties agreed that the case is moot. Since the Court has not requested any supplemental information or argument from the parties, the Court is determining that the case is moot without a clear understanding of the facts of the case or their precise legal implications for the parties. I cannot accept that the Court can simply assume, as a factual matter, that mootness exists. We should inform the parties of our suspicion as to mootness and allow briefing on the issue. Absent this procedure, I dissent.

Mootness is mentioned twice in the papers before the Court. First, petitioners argue in their petition for certiorari that the case is not moot in spite of the fact that "by the time this Court considers the instant petition, the state officials may well have already complied with the injunction. . . ."

Pet. for Cert. 17. Leaving aside the merits of their arguments that full compliance would not render the action moot, their statement is hardly sufficient to inform the Court that there has been full compliance.

This theme is repeated in the respondents' opposition. Respondents assert that the tests ordered by the District Court have been completed "and the final report *in all likelihood* will be completed before this Court determines whether to grant the present petition." Brief in Opposition 14 (emphasis added). The opposition goes on to assure the Court that "should the final report of the trial court's experts indicate, and the trial court find, that the Fremont site is seismically safe, there will remain *no live issue whatsoever* between the parties as to *any* aspect of the case." *Id.*, at 15 (emphasis in original). Although respondents have vigorously argued that once certain events occur this case will become moot, they have stopped conspicuously short of assuring the Court that those events have occurred. Indeed, they do not argue that the case is moot, but instead argue that the case "will become moot before [the] Court can hear or determine the issues presented." *Id.*, at 10.

In support of the opposition, respondents have attached to their filing a letter written by a consulting geologist who presumably is doing work that the preliminary injunction requires petitioners to have done. The letter, like the pleadings, stops short of informing this Court of the completion of all work done pursuant to the District Court's preliminary injunction. Dated November 27, 1984, the letter states that additional review of aerial photographs will be completed in "the next 45 days," that a draft report by investigators "should be completed in December" to be followed by a final report "by mid-January," and that the consulting geologists' report "should be submitted about 60 days later." App. to Brief in Opposition 1–2.

The last filing in this case was the opposition, filed on December 7, 1984, and that, as I discussed above, went no

further than to predict events in the following months that would render the case moot in respondents' view. If the situation is still as it was there described, the case may well not yet be moot. Although it is well understood that it is "the duty of counsel to call such facts [as would suggest mootness] to [this Court's] attention," R. Stern & E. Gressman, Supreme Court Practice 896 (5th ed. 1978), nothing has been received since.

Although the Court may believe that the end is so near that it can safely be assumed, the future may well hold surprises for the parties as well as for the Court. A clear understanding of the facts of a case and of their legal implications should be a prerequisite to disposing of a case as moot. This case is a complex one and prior to disposition on mootness the parties should be informed of the Court's suspicion as to mootness and be asked to provide the Court with facts and arguments. Because this was not done, I dissent.