Jasmine PINK, by her parents, Angela and Stan CRIDER, and Angela and Stan Crider, individually, Plaintiffs,

v.

MT. DIABLO UNIFIED SCHOOL DISTRICT, Defendant.

No. C–89–2792–FMS.

United States District Court, N.D. California.

May 25, 1990.

As Amended July 12, 1990.

Kathryn E. Dobel, Berkeley, Cal., for plaintiffs.

Sandra Woliver, Lozano, Smith, Smith & Woliver, San Rafael, Cal., for defendant.

ORDER

FERN M. SMITH, District Judge.

This is an action under 20 U.S.C. § 1400, et seq., the Education of the Handi-

capped Act ("EHA") for review of a decision of the Office of Administrative Hearings for the State of California. At bar is plaintiff's motion for a higher standard or, stated otherwise, a motion for determination of the standard of review.[1] Defendant Mt. Diablo Unified School District ("District") has also made a motion for partial dismissal. After full consideration of the papers, this Court adopts California Code of Regulations § 3001(b) as the standard for review. Additionally, this Court GRANTS the motion for partial dismissal.

*Standard for Review* [2]

a. Background

To qualify for federal funding under the Education of the Handicapped Act, a state must provide its handicapped with "appropriate education." 20 U.S.C. § 1412(1). "Appropriate education" is education which meets both federal and state statutory requirements. 20 U.S.C. § 1401(a)(18).

In 1981, the U.S. Supreme Court confronted the question: What is "appropriate education" under the EHA? Relying on the legislative history for evidence of Congress' intent, the Court concluded that a reviewing court's "appropriate education" inquiry was limited to two questions: 1) Has the responsible agency complied with EHA procedures? and 2) Is the Individualized Educational Program ("IEP") reasonably calculated to enable the child to receive educational benefits? *Hendrick Hudson Dist. Bd. of Ed. v. Rowley*, 458 U.S. 176, 206–07, 102 S.Ct. 3034, 3050–51, 73 L.Ed.2d 690 (1981) (*"Rowley"*). In defining the EHA's "appropriate education" requirement, the Supreme Court said nothing about whether a state could impose on

itself a higher standard for education of the handicapped.

California Code of Regulations § 3001(b) requires educational programs for the handicapped to "provide the equal opportunity for each individual with exceptional needs to achieve his or her full potential commensurate with the opportunity provided to other pupils." Since the U.S. Supreme Court did not construe the EHA to prevent a state from adopting an educational standard which is equal to or exceeds the standard set forth in *Rowley*, plaintiff urges that this Court review the administrative determination at issue here under the standard imposed by the California Code of Regulations.

b. Analysis

1. Adoption of the California Standard

■ Although there are no controlling cases in this circuit, the two circuit courts which have addressed a choice of law under the EHA have enforced the state standard where it exceeded the federal standard. *See e.g., Town of Burlington v. Dept. of Educ. Com. of Mass.*, 736 F.2d 773 (1st Cir.1984), aff'd sub nom. 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1984) (*"Burlington"*) and *Geis v. Brd. of Educ. of Parsippany–Troy Hills*, 774 F.2d 575 (3rd Cir.1985) (*"Geis"*).

Focusing upon the legislative intent behind the EHA, the First Circuit found that the Act intended to give each state the power to establish a standard for the education of its handicapped. *Burlington*, 736 F.2d at 774. Under the EHA, states were intended to enforce their own laws and regulations and not the "skeletal federal provisions designed as minimum standards." *Id.* As the court stated in *Burlington*, "We find no indication in either the statutory language or the legislative

---

**1.** Defendant District contends that plaintiff is procedurally barred from bringing this motion because this issue was not raised at the administrative proceedings. 20 U.S.C. § 1415(b)(2), (c), (e). The record of the administrative hearing indicates that the standard of review was argued. Accordingly, this Court finds that the administrative remedies as to the standard of review have been properly exhausted.

**2.** There is no eleventh amendment bar to enforcing the state education of the handicapped

standard against state agencies under *Penhurst State School & Hosp. v. Haldeman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1983). Where the federal law, by reference, incorporates requirements established by state law, the federal law confers on the federal courts authority to enforce those standards under their "federal question" jurisdiction. *Geis v. Brd. of Educ. of Parsippany–Troy Hills*, 774 F.2d 575, 580–581 (3rd Cir.1985).

history of the Act that Congress intended to create either a substantive or procedural ceiling regarding the rights of the disabled child." *Burlington,* 736 F.2d at 784.[3]

In light of the legislative intent of the act and because the state standard is by reference incorporated in the EHA, this Court is inclined to follow the reasoning set forth by the First and Third Circuits. Under the EHA, each state is given the power to enunciate its own procedural and substantive protections for its handicapped, provided it meets the federal minimum standard. Any other construction of the statute effectively supplants the states' historic command of education.

### 2. The U.S. Supreme Court's Concerns in *Rowley*

■ The U.S. Supreme Court's interpretation of the EHA in *Rowley* revealed two major concerns. First, that the EHA should not be interpreted so as to require an unduly high substantive standard of education for the handicapped. *Rowley,* 458 U.S. at 198–199, 102 S.Ct. at 3046–47. Secondly, the Court was concerned that educational planning and methodology, areas historically controlled by the states, remain the states' domain. *Rowley,* 458 U.S. at 206–207, 102 S.Ct. at 3050–51.

The concerns raised by the Supreme Court are not at issue in this case. 5 California Code of Regulations § 3001(b) does not require the "maximization of full potential," nor does it mandate an optimum educational experience. Instead, § 3001(b) ensures like opportunity for each handicapped child to reach his or her highest level of educational achievement commensurate with the opportunity provided to other pupils. Such a standard is neither unduly high nor hopelessly unattainable.

Further, in applying 5 California Code of Regulations § 3001(b), the Court need not intrude upon the legislature's choice of educational methodology. Educational plans and methods continue to be within the state legislature's discretion. In adhering to the standard for education of the handicapped contained in 5 California Code of Regulations § 3001(b), this Court seeks merely to carry out the explicit intent of the state legislature.[4]

Additionally, this Court notes that the Ninth Circuit has previously enforced a California state standard in an EHA case. *See Students of Cal. School for the Blind v. Honig,* 736 F.2d 538, 545 (9th Cir.1984), vacated on other grounds, 471 U.S. 148, 105 S.Ct. 1820, 85 L.Ed.2d 114 (1984) (buildings that house EHA programs must meet state seismic safety standards).

For the reasons set forth above, this Court holds that 5 California Code of Regulations § 3001(b) establishes the appropriate standard for review of administrative decisions made under EHA.[5]

### *Defendant District's Motion for Partial Dismissal*

■ Defendant District requests dismissal of the portions of the complaint seeking relief for time beyond the 1988–89 school year. Since the years beyond 1988–89 have not been reviewed in an administrative proceeding, the District argues that plaintiff has not exhausted her administrative remedies. Plaintiff contends that exhaustion would be futile.

Each year, a handicapped child's needs, goals, and placement are reviewed and tailor-made, and IEPs are fashioned. 20 U.S.C. § 1401(a)(19). This action was brought as an objection to the 1988–89 IEP. Plaintiffs rely on 20 U.S.C. § 1415(e) which states that the reviewing court "shall hear additional evidence at the request of a party." Here, plaintiffs ask the Court not only to hear additional evidence but also to review an administrative decision that has not yet been made and an administrative proceeding that has not yet occurred. Since the Court does not and will not have

---

**3.** *Burlington* held that states could require more but not less than the EHA requires. *Burlington,* 736 F.2d at 739. The California standard requires that an educational program for the handicapped provide "an equal opportunity for each individual with exceptional needs to achieve his or her full potential commensurate with the opportunity provided to other pupils." This standard is at least equal to, if not higher than, the federal minimum standard.

**4.** *But see Bertolucci v. San Carlos Elementary School Dist.,* 721 F.Supp. 1150 (N.D.Cal.1989).

**5.** In adhering to 5 California Code of Regulations § 3001(b), this Court determines only the standard of review. Nothing in this order should be construed as a definition of that regulation.

the IEPs of the following years before it, it cannot address remedies for these future years. Accordingly, the motion for partial dismissal is GRANTED.

SO ORDERED.