5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Michael Joseph FALLON; Craig M. Ryan, Appellants,
v.
David COULSON, Administrative Review Officer, Arkansas
Department of Correction; Bill McLean, Grievance Officer,
Arkansas Department of Correction; Marvin Evans, Warden,
Tucker Unit, Arkansas Department of Correction; sued as
Martin Evans; A.L. Lockhart, Director, Arkansas Department
of Correction, Appellees.
 No. 93-1629.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 6, 1993.
Filed: September 9, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael J. Fallon and Craig M. Ryan, Arkansas inmates in the isolation unit, appeal from the district court's[1] entry of judgment in favor of defendant correctional officers at Tucker Maximum Security Unit following an evidentiary hearing in their 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Fallon and Ryan (plaintiffs) claimed that defendants denied them due process by failing to acknowledge and respond to their emergency grievances, and that defendants were deliberately indifferent to their substantial health risk of being infected with encephalitis through mosquito bites. Plaintiffs sought monetary and injunctive relief, a declaratory judgment, and appointment of counsel.
 
 
 3
 The district court denied plaintiffs' motion for appointment of counsel and their motion to depose two prison guards regarding the processing of emergency grievances, and found no compelling need to appoint expert witnesses as plaintiffs requested. The magistrate judge subsequently denied plaintiffs' motion to compel discovery and held an evidentiary hearing. The district court adopted the magistrate judge's report and dismissed plaintiffs' complaint. Plaintiffs timely appealed.
 
 
 4
 Defendants' failure, if any, to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights. See Buckley v. Barlow, No. 93-1302, slip op. at 2-3 (8th Cir. July 8, 1993) (per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983; grievance procedure is procedural right only, and does not confer any substantive right on inmates). Because plaintiffs' claim regarding the grievance procedure is not actionable under section 1983, we conclude the district court did not abuse its discretion in denying plaintiffs' motions to depose the guards and to compel defendants to turn over the grievance log book. See Creighton v. Anderson, 922 F.2d 443, 451 (8th Cir. 1990).
 
 
 5
 Nor did the district court abuse its discretion by not appointing counsel for plaintiffs. See Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992) (per curiam). Plaintiffs had no statutory or constitutional right to have counsel appointed because this is a civil case. See Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). Moreover, the district court indicated it had evaluated each of the factors enunciated in Johnson v. Williams, 788 F.2d 1319, 1322-24 (8th Cir. 1986), which held that a failure to appoint counsel may nonetheless be an abuse of discretion in some civil cases. Indeed, the record reflects that plaintiffs capably presented their claims, undertook discovery, and testified at trial despite their assertions that, as isolation inmates, they had limited access to the law library and supplies.
 
 
 6
 As to the Eighth Amendment claim, the district court did not clearly err in finding that adequate screening covered the unit's outside vents, that a gap under the back door was necessary for water removal, and that defendants sprayed in an attempt to abate the mosquito problem. See Burgin v. Iowa Dep't of Corrections, 923 F.2d 637, 639 (8th Cir. 1991) (per curiam). Plaintiffs submitted no evidence that they contracted encephalitis or that they were treated in the infirmary for mosquito bites. Thus, defendants were not deliberately indifferent to plaintiffs' serious health risk of being bitten by mosquitoes carrying encephalitis.
 
 
 7
 We conclude the district court did not abuse its discretion in failing to appoint expert witnesses under Federal Rule of Evidence 706. See Students of Cal. Sch. for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir. 1984), vacated on other grounds, 471 U.S. 148 (1985). We find meritless plaintiffs' claim that they were denied fundamental fairness during the proceedings in the district court. We do not address the equal protection claim plaintiffs assert for the first time on appeal because they have not shown that a manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas