50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Edward GREEN, Plaintiff-Appellant,
v.
Linda CARLSEN, Librarian; N.P. Butlin, Nurse Practitioner,
et al., Defendants-Appellees.
 No. 94-16526.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided March 1, 1995.
 
 Before SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Edward Green, an Arizona state prisoner, appeals pro se the district court's denial of his motion for preliminary injunctive relief in his 42 U.S.C. Sec. 1983 action. Green contends that prison officials ignored his serious medical needs by discontinuing his treatment with the prescription drug Dilantin for seizures. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1), and we affirm.
 
 
 3
 Our discretionary review of the record indicates the district court examined Green's request for injunctive relief under the proper legal standard. See Diamontiney v. Borg, 918 F.2d 793, 795-96 (9th Cir.1990). Prison officials have not denied, delayed or intentionally interfered with Green's medical treatment. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). Instead, the evidence presented shows that Green disagrees with the diagnosis and medical care he has been provided by prison physicians, who have concluded that Green does not suffer true seizures and does not need Dilantin. A mere difference of opinion as to treatment does not give rise to a constitutional claim for deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Accordingly, the district court's denial of Green's motion for a preliminary injunction is
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our review further indicates the district court did not abuse its discretion under Fed.R.Evid. 706(a) by declining to appoint an expert physician to independently examine Green. See Students of California Sch. for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir.1985), vacated on other grounds, 471 U.S. 148 (1985). We decline to consider Green's remaining issues on appeal, which were not raised in his preliminary injunction motion before the district court. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992)