Moe **BILLER**, President, American Postal Service Union, AFL–CIO & American Postal Workers Union, Plaintiffs–Appellees,

v.

Anthony **VEGLIANTE**, Vice President, Labor Relations United States Postal Service, Elaine Kaplan, Special Counsel U.S. Merit Systems Protection Board, Janice Lachance, Director, U.S. Office of Personnel Management, U.S. Office of Personnel Management & United States Postal Service, Defendants–Appellants.

No. 00–6323.

United States Court of Appeals, Second Circuit.

Dec. 3, 2001.

David J. Kennedy, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellants.

Darryl J. Anderson, O'Donnell, Schwartz & Anderson, Washington, DC, for appellees.

Present KEARSE, MINER and PARKER, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of appellate jurisdiction.

In this action brought by plaintiffs Moe Biller, President of the American Postal Service Union, *et al.* (collectively "the Union"), to challenge the statutory and constitutional validity of certain directives of defendant United States Postal Service ("Postal Service"), defendants Anthony Vegliante *et al.* appeal from an interlocutory order of the United States District Court for the Southern District of New York, Alvin K. Hellerstein, *Judge*, preliminarily enjoining defendants from removing or ordering the removal of posters and other materials dealing with the November 2000 elections from Union bulletin boards on post office premises, and enjoining defendants from disciplining any employee who refused to remove such materials from those bulletin boards. Defendants contend that the injunction should be vacated because the Hatch Act prohibits postal employees and the Union from posting such materials, *see* 5 U.S.C. § 7324. For the reasons that follow, we conclude that the present appeal is moot, and we therefore dismiss it for lack of appellate jurisdiction.

An appeal from a preliminary injunction is moot when the terms of the injunction have been fully and irrevocably carried out. *See, e.g., Honig v. Students of the California School for the Blind,* 471 U.S. 148, 149; 105 S.Ct. 1820, 85 L.Ed.2d 114 (1985) (per curiam) (holding appeal moot where tests ordered by preliminary injunction had been carried out); *University of Texas v. Camenisch,* 451 U.S. 390, 398, 101

S.Ct. 1830, 68 L.Ed.2d 175 (1981). When a preliminary injunction has "order[ed] a step that cannot be undone ... there is no longer any live controversy as to whether the District Court exceeded its discretion in issuing the preliminary injunction. If a party has been wrongfully enjoined, *i.e.,* ordered to do something it had a right to refrain from doing or to cease doing something it had a right to continue doing, it has a full opportunity upon plenary consideration of the complaint to vindicate its interests." *Guzman v. Local 32B–32J,* 72 F.3d 260, 263 (2d Cir.1995).

In the present case, the district court's order forbidding the Postal Service from removing the Union's materials has been complied with; the election has passed; and the materials have now been removed by the Union. Further, although the injunction also forbade the disciplining of any person who refused to remove the materials, both sides agree that no such discipline will be imposed. Accordingly, the steps taken cannot be undone, and any present expression of this Court's views as to whether the injunction was or was not proper would be purely advisory.

Defendants argue that we should not dismiss the present appeal because (a) upon the conclusion of the November 2000 elections the entire case became moot, and (b) the substantive issues as to the applicability of the Hatch Act are thus capable of repetition, yet evading review. We disagree with both components of their argument.

First, plaintiffs have requested declaratory and permanent injunctive relief that goes beyond the 2000 elections. Under the Hatch Act, "[a]n employee may not engage in political activity ... while the employee is on duty [or] in any room or building occupied in the discharge of official duties." 5 U.S.C. § 7324. Federal regulations define "political activity" as "an activity directed toward the success or failure of a political party, candidate for partisan political office, or partisan political group." 5 C.F.R. § 734.101. Plaintiffs allege that the Hatch Act does not apply to activities of a union and hence does not authorize the Postal Service's directive forbidding postings on Union bulletin boards. They contend, alternatively, that if the Hatch Act does extend to postings on Union bulletin boards, it violates the rights of the Union and its employees under the First Amendment. The complaint seeks a declaration that the Postal Service's directive is invalid and that the laws on which it was based, 5 U.S.C. § 7324 and 5 C.F.R. § 734.101, "are unconstitutionally vague and/or overbroad" (Complaint WHEREFORE ¶ (2)). The complaint also requests a permanent injunction against directives ordering the removal of such materials from Union bulletin boards. These issues remain to be adjudicated, and we therefore reject defendants' contention that the entire action has become moot.

Second, the capable-of-repetition-yet-evading-review facet of the mootness doctrine, *see Southern Pacific Terminal Co. v. Interstate Commerce Commission,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *see, e.g., Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam); *Dennin v. Connecticut Interscholastic Athletic Conference, Inc.,* 94 F.3d 96, 100–01 (2d Cir. 1996), is applicable " 'only in exceptional situations.' " *Haley v. Pataki,* 60 F.3d 137, 141 (2d Cir.1995) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). In the present case, the parties have informed us that there are few, if any, factual issues to be decided. We see no reason why the case should not proceed expeditiously to a prompt resolution and the entry of a final judgment. Thus, although the Hatch Act

issue is plainly capable of repetition, the availability of an appeal from the final judgment means that it is unlikely to "evad[e] review."

We have considered all of defendants' contentions in support of appellate jurisdiction and have found them to be without merit. The appeal is dismissed on the ground that it is moot. We urge the district court to give the remaining issues expedited consideration.