Maurice THORNDYKE, Petitioner,

v.

Odie WASHINGTON et al., Respondents.

No. CIV.A. 01–2688(RMU).

United States District Court, District of Columbia.

Sept. 25, 2002.

---

Maurice Thorndyke, Fort Dix, NJ, Pro se.

Peter Denenfeld, Special Litigation Section, Public Defender Service, Washington, DC, Counsel for the Petitioner.

Jenifer Wicks, Wicks & Dayson, L.L.C., Washington, DC, Former Counsel for the Petitioner.

Daniel M. Cisin, Assistant United States Attorney, Washington, DC, for the United States Parole Commission.

Holly M. Johnson, Assistant Corporation Counsel, Washington, DC, for the District of Columbia.

### *MEMORANDUM OPINION*

URBINA, District Judge.

#### DISMISSING AS MOOT THE PETITION FOR A WRIT OF HABEAS CORPUS

### I. INTRODUCTION

This matter is before the court on Maurice Thorndyke's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2243. The petitioner claims that the respondents have illegally incarcerated him pending a final decision on the revocation of his parole, and asks the court to release him. The United States Parole Commission ("the Commission"), one of the respondents, has already issued a final action revoking the petitioner's parole. For the reasons that follow, the court dismisses the petition as moot.[1]

### II. BACKGROUND

On April 2, 1992, the Superior Court for the District of Columbia ("Superior Court") sentenced the petitioner to a term of imprisonment of 8–24 years for a conviction of involuntary manslaughter. Comm'n Opp'n at 1. Six years later, the District of Columbia Parole Board ("Parole Board") released the petitioner on parole. *Id.* On June 29, 1999, the petitioner was arrested and charged with assault with intent to kill. *Id.* As a result, the Parole Board issued a parole detainer warrant. Petition at 3.

On September 28, 2000, the Superior Court sentenced the petitioner to an aggregate term of incarceration of one year for his convictions for (1) carrying a pistol without a license and (2) possessing unregistered ammunition and firearms. Comm'n Opp'n at 2. By this point, an intervening change in the relevant law had transferred jurisdiction over the petitioner from the Parole Board to the Commission. *Id.;* D.C.Code § 24–131(a). Therefore, on November 7, 2000, the Commission took custody of the petitioner pursuant to the parole violation warrant charging him with violations of law stemming from his June 29, 1999 arrest. Comm'n Opp'n at 2.

On March 20, 2001, the Commission held the petitioner's first revocation hearing. *Id.* Ex. 9. At the hearing, the examiner found that the petitioner had violated his parole conditions by committing parole vio-

---

1. As the court dismisses the petition as moot, it does not reach the arguments by respondents District of Columbia and Odie Washing- ton that they are not proper parties to this action. Dist. of Columbia Response at 2.

lation charge ("charge") one, possession of unregistered ammunition and firearms. *Id.* The Commission's examiner based this finding on the petitioner's admission and the September 28, 2000 conviction for this violation. *Id.* The examiner deferred a finding on charge two, assault with intent to kill, so that the Commission could locate the victim and the arresting officer. *Id.*

On July 13, 2001, the Commission held a second hearing and revoked the petitioner's parole based on the violation described in charge one. *Id.* Ex. 10. The Commission again deferred a finding on charge two due to the failure of key witnesses to appear. *Id.* Exs. 10, 12. On December 20, 2001, the Commission held another hearing and concluded that the petitioner had committed assault with serious bodily injury, in partial violation of charge two. *Id.* Ex. 13. The Commission documented its findings and parole revocation in a Notice of Action on December 26, 2001. *Id.* Ex. 14. This notice correctly stated that the Commission sentenced the petitioner to 84 months. But it *erroneously* stated that the Commission made *no finding* on charge two, that it rated the violation as *category three severity*, that the Commission's guideline range was *18–24 months*, and that the Commission decided to give a sentence *above* the guideline range. *Id.* According to the petitioner, he did not receive the December 26, 2001 notice until March or early April, 2002. Petition Supp. at 1. On June 4, 2002, the Commission issued a Notice of Action which corrected the December 26, 2001 Notice of Action. Comm'n Opp'n Ex. 15. The corrected notice stated that the Commission *found that the petitioner committed the charge two violation of assault*, the violation was a *category seven severity*, and therefore the Commission's guideline range was *78–110 months. Id.*

## III.  ANALYSIS

### A.  Legal Standard for Mootness

Before a court may consider the merits of a case, it must determine whether it has subject-matter jurisdiction. The Supreme Court has held that Article III's "case-or-controversy" requirement prohibits courts from issuing advisory opinions or decisions based on hypothetical facts or abstract issues. *Flast v. Cohen,* 392 U.S. 83, 96, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Courts can only rule on actual and ongoing controversies. *McBryde v. Comm. to Review Cir. Council Conduct & Disability Orders of the Jud. Conf.,* 264 F.3d 52, 55 (D.C.Cir.2001). Accordingly, a court may not rule on the merits of a case in which the claims for relief are moot.

A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); *Albritton v. Kantor,* 944 F.Supp. 966, 974 (D.D.C.1996) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). An intervening factual event may render a claim moot because the change in circumstances deprives the plaintiff of a present right to be vindicated or causes the plaintiff to no longer have a stake in the outcome of the litigation. *Aiona v. Judiciary of Haw.,* 17 F.3d 1244, 1248 n. 6 (9th Cir.1994); *McPherson v. Mich. High Sch. Athletic Ass'n,* 119 F.3d 453, 458–59 (6th Cir.1997). The intervening event will render the case moot only if the event eliminates the effect of the alleged violation and there is no reason to believe the alleged violation will recur. *Honig v. Students of the Cal. Sch. for the Blind,* 471 U.S. 148, 149, 105 S.Ct. 1820, 85 L.Ed.2d 114 (1985). The burden of establishing mootness rests on the party raising the issue, and it is a heavy burden. *Davis,* 440 U.S. at 631, 99

S.Ct. 1379; *Motor & Equip. Mfrs. Ass'n v. Nichols,* 142 F.3d 449, 458–59 (D.C.Cir. 1998).

## B. The June 4, 2002 Corrected Notice of Action Renders the Petitioner's Claim Moot

In response to the petition and the supplement to the petition, the defendant includes the December 26, 2001 and the June 4, 2002 Notices of Action to demonstrate that the petitioner's claims are moot. The defendant argues that these intervening factual events have rendered the claims moot. Comm'n Opp'n at 3. For the following reasons, the court agrees and dismisses the claims as moot. *Honig,* 471 U.S. at 149, 105 S.Ct. 1820.

■ The petitioner originally argued that the court "must release the petitioner from further illegal confinement and order the Parole Commission to dismiss the alleged parole violation (charge 2)." Petition at 8. The petitioner made this request before receiving the December 26, 2001 Notice of Action. Petition Supp. at 1. Thus, while making this request, he incorrectly believed that the Commission *had not yet ruled* on charge two of the parole violation charges against him. *See generally* Petition. In March or early April 2002, the petitioner received the Commission's (erroneous) December 26, 2001 Notice of Action stating that the Commission made a ruling of *no findings* regarding charge two, assault with intent to kill. Petition Supp. at 1, Ex. 1; Comm'n Opp'n Ex. 14. On April 23, 2002, the petitioner supplemented his petition, explaining that only recently did he receive the December 26, 2001 Notice of Action. Petition Supp. at 1. In his supplement, the petitioner argued, based on the December 26, 2001 Notice of Action, that the parole violation sentence of 84 months was unreasonable, given the 18–24 month guideline range for

his charge one violation. *Id.* The petitioner's April 23, 2002 supplement is critical, as it addresses the Commission's December 26, 2001 decisions, but it is also unclear.

The Commission's June 4, 2002, corrected Notice of Action changed the "no finding" for charge two to a finding that the petitioner had committed the law violation of assault, a lesser included offense of assault with intent to kill. Accordingly, the June 4, 2002 Notice of Action also changed the rating for the severity of the petitioner's parole violation behavior from category three to seven and changed the guideline range from 18–24 months to 78–110 months. Comm'n Opp'n Exs. 14, 15. The court's task of interpreting what the petitioner seeks is especially difficult because, as of September 25, 2002 the petitioner has failed to address the corrections in the Commission's June 4, 2002 notice and failed to reply to the Commission's June 11, 2002 opposition.

In light of the Commission's June 4, 2002 correction, the petitioner's 84–month sentence is no longer outside of the guideline range, as he had argued. *Id.* In addition, the petitioner is no longer being held for a parole violation without a hearing and findings on the charges, as he had argued. Because the petitioner's arguments now rely on facts that are no longer accurate, the arguments no longer raise "live" issues. *Flast,* 392 U.S. at 96, 88 S.Ct. 1942. Consequently, the petition is moot. *Spencer v. Kemna,* 523 U.S. 1, 7–8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Albritton,* 944 F.Supp. at 974.

## IV. CONCLUSION

For all the above reasons, the court dismisses the petition as moot. An order directing the parties in a manner consistent with this Memorandum Opinion is

separately and contemporaneously issued this 25th day of September 2002.

## ORDER

### Dismissing as Moot the Petition for a Writ of Habeas Corpus

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this 25th day of September 2002, it is

**ORDERED** that the petition is DISMISSED as moot.

**SO ORDERED.**