Carlos Tomas GARCIA, Plaintiff—
Appellant,

v.

Thomas MADDOCK; Nadim Khoury, Assistant Deputy Director, Medical Services of the CDC; Ana M. Olivarez, Warden; R.L. Andreasen, Chief Medical Officer; Warren Gross; C. Mitchell; L. Olivas, Correctional Counselor; D. Broderick, Appeal Coordinator; E.A. Robbins, Correctional Lieutenant; R.B. Bonner; Michael Brown; Debra Santiago, Defendants—Appellees.

No. 02–15540.
D.C. No. CV–97–01490–LKK/PAN.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 2003.*

Decided March 28, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Carlos Tomas Garcia, a California state prisoner, brought this action alleging that prison officials violated his constitutional rights by exposing him to second-hand smoke, refusing to provide proper medical care for his smoke-related illnesses, and retaliating for his grievance filings. The district court granted summary judgment, ruling there was no constitutional violations and that Garcia failed to exhaust his available administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## DISCUSSION

### 1. *Eighth Amendment Claim*

■ We have held that "it is cruel and unusual punishment to house a prisoner in an environment that exposes him to environmental tobacco smoke ('ETS') at such levels and under such circumstances that it poses an unreasonable risk of harm to his health." *See McKinney v. Anderson*, 959 F.2d 853, 853 (9th Cir.1992), *aff'd Helling*

v. *McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). The district court assumed that Garcia's claims of exposure were true, but nonetheless ruled there was no evidence that defendants (other than Andreasen) were "deliberately indifferent to [Garcia's] plight." We agree. The uncontroverted evidence indicates that the prison physicians (Gross and Mitchell) treated Garcia by providing medication for his symptoms and by issuing him a medical directive for housing with nonsmokers. There is no evidence that other defendants (Ramirez–Palmer, Maddock, Khoury, Olivas, or Broderick) had any knowledge of either Garcia's condition or that he was being exposed to second-hand smoke. Finally, defendant Robbins may have known of Garcia's complaint, but that was before Garcia was diagnosed with any smoking-related ailments and before the prison doctor recommended that Garcia be housed with nonsmokers. As the district court noted, Robbins had no "objective medical basis to alter plaintiff's housing arrangements."

### 2. *Due Process Violation*

■ A prisoner's constitutional right to "meaningful access to the courts extends to established prison grievance procedures." *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995). To establish a due process violation, the prisoner must demonstrate "that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994). We agree with the district court that there is no evidence of retaliation. Garcia's grievances were rejected because he failed to follow prison regulations requiring him to first attempt

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to resolve his complaint informally with a supervisory official. Moreover, the prison's attempts to restrict excessive non-emergency grievances support legitimate penological goals.

### 3. *Exhaustion of Administrative Remedies*

█ The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires that an inmate exhaust all available administrative remedies even when the inmate seeks only monetary relief and the inmate grievance procedure offers no such relief. *See Booth v. Churner*, 532 U.S. 731, 734, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). There is no dispute that if Garcia ever exhausted his administrative remedies, it occurred long after he filed this action. The district court correctly applied *Booth* in granting defendant Andreasen's motion for summary judgment. *See Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 96, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) ("[A] rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law".).

### 4. *Case Management Rulings*

Garcia objects to every ruling made by the district court, including the denial of motions for sanctions, appointment of counsel, appointment of expert witnesses, entry of default, reconsideration, judicial notice, and extensions of time. We limit our review, however, to the issues actually discussed in his brief—the court's refusal to appoint counsel and expert witnesses.

█ District courts lack the authority to require counsel to represent indigent prisoners in civil rights cases. *See Mallard v. U.S. District Court*, 490 U.S. 296, 298, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). In exceptional circumstances, the court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1). Here, the district court properly concluded that there were no exceptional circumstances that warranted appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986).

█ District courts have the authority to appoint expert witnesses. *See Students of Cal. Sch. for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir.1984) (citing Federal Rule of Evidence 706), *vacated on other grounds*, 471 U.S. 148, 105 S.Ct. 1820, 85 L.Ed.2d 114 (1985). There was no need to do so here. Garcia sought experts to establish the amount of exposure and the harm it may have caused him. These were not controverted subjects, however, for purposes of defendants' motions for summary judgment. Rather, the district court assumed both the exposure and the harm but concluded correctly that there was no evidence of deliberate indifference.

**AFFIRMED.**