United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30450

SANDY MEADOWS; ET AL.,

Plaintiffs,

SHAMILLE PETERS; BARBARA PEACOCK; KAYODE HOWELL,

Plaintiffs - Appellants,

v.

BOB ODOM; ET AL.,

Defendants,

BOB ODOM; VAN COX; WALTER IMAHARA; RANDY HARRIS; HAROLD
TANI; ROGER MAYES; STEPHEN HOOVER; MATTHEW KEPPINGER; PAUL
COREIL; EMILY STICH; ROB BARRY, III; DONALD KELLY; THOMAS
SPEDALE; RICHARD HEROMAN,

Defendants - Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
(03-CV-960)

Before JONES, Chief Judge, BARKSDALE, and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Appellants Shamille Peters, Barbara Peacock, and Kayode Howell

---

[*] Pursuant to 5TH CIR. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

filed this suit contending that the State of Louisiana has violated their constitutional rights by requiring retail florists to submit to a licensing examination. The exam is administered by Appellees, members of the Louisiana Horticulture Commission. We, however, do not reach this substantive legal question. While this suit progressed through the federal judicial system, an intervening event, Hurricane Katrina, has changed the Appellants' circumstances in relation to their claims. Because of those changed circumstances, the case is no longer justiciable. The case is moot.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In Louisiana, state law requires at least one licensed retail florist at any florist business establishment. *See* LA. REV. STAT. § 3:3808(B)(2). To engage in the profession of retail floristry, an individual is required to obtain a license for that occupation or to become engaged with an employer, employee, or supervisor who has the required license or permit. *See* LA. REV. STAT. §§ 3:3804(C),(D), 3:3809. To obtain that required license, florists must pass an examination consisting of both written and practical portions. *See* LA. REV. STAT. § 3:3807(A),(B)(2). Appellants are applicants who have failed this examination.

Appellants challenge the power of Louisiana to regulate the florist industry through a suit for equitable relief–both

2

declaratory and injunctive. They argue that the licensing examination violates the substantive due process, equal protection, and privileges or immunities clauses of the Fourteenth Amendment because it is not rationally related to any legitimate governmental purpose. Appellees filed a motion to dismiss the equal protection and privileges or immunities claims. Shortly thereafter, the parties filed cross motions for summary judgment on all of the claims. The district court granted the motion to dismiss on the privileges or immunities claim, granted Appellees' summary judgment on the remaining two claims, denied Appellants' summary judgment motion, and dismissed the action.

## II. DISCUSSION

At oral argument on this case, held on May 1, 2006, it came to the attention of this Court that, due to Hurricane Katrina and its aftereffects, these Louisianan Appellants may no longer have justiciable claims.[1] To assist this Court in making this mootness determination, we asked Appellants to submit a letter describing the current circumstance of each Appellant. On May 11, Appellants

---

[1] "Mootness goes to the heart of our jurisdiction under Article III of the Constitution. Therefore, we must consider mootness even if the parties do not raise it, because 'resolution of this question is essential if federal courts are to function within their constitutional spheres of authority.'" *Texas Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 413 n.16 (5th Cir. 1999) (quoting *North Carolina v. Rice*, 404 U.S. 244, 245 (1971)).

3

submitted that letter, giving a description of each individual Appellant's current status. Appellant Peters has relocated to Mississippi and enrolled in a two-year medical program at a local community college. She "has not made any specific plans" to return to Louisiana. Appellant Peacock lives in Shreveport, Louisiana, but she has retired and has "no specific plans to seek full-time employment as a florist or to open a wedding chapel" (as she previously had planned). Counsel has been unable to contact Appellant Howell since the storm and does not have contact information for her.

Appellants, in their letter, did not argue against mootness. They only requested that, if this Court found the case moot, the district court's decision be vacated and remanded with instructions to dismiss the case as moot. In response, Appellees, in their May 16 letter, argue that this Court should decide the case to avoid "waste." Appellees further contend, without citation, that the parties have a continuing interest in the matter. Taking into consideration the updated facts and arguments of the parties, we turn to the issue of justiciability.

A.    The Mootness Doctrine

The United States Constitution, Article III, section 2, clause 1, requires the existence of a case or controversy to support our jurisdiction. *Amar v. Whitley*, 100 F.3d 22, 23 (5th Cir. 1996). The case or controversy doctrine underpins both standing and

mootness. *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 180 (2000). Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). The mootness doctrine "ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit . . . including the pendency of the appeal." *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004).

Here, there is no live case or controversy and mootness applies. We consider Appellants' claim for injunctive relief first. Appellants could not obtain relief through an injunction. No Appellant has shown that she continues to seek employment as a florist in Louisiana at this time. Therefore, no Appellant has shown that she will be attempting to gain licensure from the state to be in the florist business. Therefore, no Appellant has shown that she will be prevented from gaining that chosen employment because of the state's licensing scheme. In other words, enjoining Louisiana from administering the exam will not afford relief for these Appellants. *See Honig v. Students of Cal. Sch. for the Blind*, 471 U.S. 148, 149 (1985) ("No order of this Court could affect the parties' rights with respect to the injunction we are called upon to review."). Accordingly, Appellants' claim for injunctive relief is moot.

5

Second, we consider Appellants' declaratory relief claim. *Meltzer v. Bd. of Pub. Instruction*, 548 F.2d 559, 568 (5th Cir. 1977) ("[Because] appellants have asked for both declaratory and injunctive relief . . . , we have the 'duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction.'") (quoting *Zwickler v. Koota*, 389 U.S. 241, 254 (1967)). To determine whether the declaratory relief claim is moot, we examine whether Appellants' claim falls within a mootness exception. The only possibly applicable exception for this case is the "capable of repetition, yet evading review" exception. *S. Pac. Terminal v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911). Under this exception, "[a]lthough a case may be technically moot, a federal court may nevertheless retain jurisdiction if a continuing controversy exists or if the challenged problem is likely to recur or is otherwise capable of repetition." *Vieux Carre Prop. Owners v. Brown*, 948 F.2d 1436, 1447 (5th Cir. 1991).

B.   The "Capable of Repetition, yet Evading Review" Exception

Generally, the capable of repetition doctrine applies only in "exceptional" situations where two circumstances simultaneously are present: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523

6

U.S. 1, 17 (1998) (internal citation and quotation marks omitted).

As to the second element, Appellants have not shown a "reasonable expectation" or a "demonstrated probability" that they will reenter the florist business or retake the exam. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Appellants are retired, no longer residing in the state, or of unknown whereabouts. They have no current plans to apply for a florist license in Louisiana once again. Thus, as to these particular Appellants, the allegedly wrongful behavior by the state reasonably could not be expected to recur. Yet, even if they demonstrated this reasonable expectation of repeated state action, Appellants also fail to meet the other requirement of the test.

The underlying event or condition is not of such short duration that Appellants would be unable to obtain relief from state action through litigation. We follow the Supreme Court's ruling in *Super Tire Engineering Co. v. McCorkle*, which examined the capable of repetition, yet evading review doctrine as it applies to declaratory actions. 416 U.S. 115 (1974). In that case, the Supreme Court held that, where the exception applies, the circumstances that gave rise to the injury no longer exist at some point during litigation. *See id*. at 125–26. In other words, the causal factor necessarily disappears. For example, in *Super Tire*, the Supreme Court was reviewing the mootness of an employer's attack on a New Jersey statute that allowed striking workers to

7

obtain welfare benefits. *Id.* at 116. Before the case was resolved, the strike ended. *Id.* Comparing the facts in *Super Tire* to such cases as *Roe v. Wade*, 410 U.S. 113, 166 (1973), and to cases involving state election laws, the Court stated that "[e]conomic strikes are of comparatively short duration." *Super Tire*, 416 U.S. at 126. The Court concluded that a strike's termination "like pregnancy at nine months and elections spaced at year-long or biennial intervals, should not preclude challenge to state policies that have had their impact and that continue in force, unabated and unreviewed. The judiciary must not close the door to the resolution of the important questions these concrete disputes present." *Id.* at 126–27.

In cases involving strikes, pregnancies, or elections, the causal event or condition will terminate and preclude a challenge, unless it is cured by the exception. Here, there is no underlying event or condition that will cease before there can be judicial intervention. The only thing that has changed in the instant case is the desire of Appellants to seek employment as a florist in Louisiana. That desire may have been dampened or changed because of the uncontrollable aftereffects of a natural disaster, but each Appellant has made her choice to no longer pursue a florist license. Louisiana's licensing requirement would apply to Appellants in the same manner now as it did when they initiated the challenge if they had not abandoned their pursuit of a career in

8

retail floristry.  This is a highly different situation than that presented in *Super Tire*.  Therefore, the exception articulated in *Super Tire* does not apply to the facts presented in the instant case.  In sum, Appellants fail to meet the mootness exception applicable to cases capable of repetition, yet evading review.

C.   Judicial Economy

Appellees, however, argue that the case should not be deemed moot because "[t]o abandon the case at an advanced stage may prove more wasteful than frugal."  *Friends of the Earth*, 528 U.S. at 191–92.  The Supreme Court, however, also limited that sentiment in light of the constitutional limits of federal courts:  "This argument from sunk costs does not license courts to retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest . . . ."  *Id*. at 192.  As discussed above, Appellants do not have a continuing interest in the litigation.  Therefore, sunk judicial costs are not a relevant concern.


III.   CONCLUSION

We deeply sympathize with Appellants for the disruption of their lives caused by Hurricane Katrina.  However, sympathy cannot remedy the fatal infirmity of their case.  Because this case is moot, we vacate the district court's ruling and direct the district court to dismiss the action.  *See United States v. Munsingwear*, 340

U.S. 36, 39 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss."); *see also Harris v. City of Houston*, 151 F.3d 186 (5th Cir. 1998) (vacating the district court's judgment on the basis of mootness and remanding the case with instructions to dismiss as moot).