**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY L. SLOAN, Jr., | No. 08-16018 |
| Plaintiff - Appellant, | D.C. No. 4:00-cv-04117-CW |
| v. | |
| OAKLAND POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted January 21, 2010[**]

Before: SKOPIL, FARRIS and LEAVY, Circuit Judges.

Johnny Sloan, a California state prisoner, alleges that police officers used excessive force against him and that prison doctors and nurses were deliberately indifferent to his medical needs. A jury rejected Sloan's Fourth Amendment claims against the police officers. The district court granted summary judgment for the medical staff on the Eighth Amendment claims. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

**DISCUSSION**

A.    Excessive Force

As a threshold matter, the police officers argue we lack jurisdiction because Sloan failed to file a timely notice of appeal from the district court's Fed. R. Civ. P. 54(b) judgment order. Rule 54(b) provides, however, that such a judgment may be entered "only if the court expressly determines that there is no just reason for delay." Because the court did not make that requisite finding, its order is not final for purposes of appellate review until "[t]hat portion of the case remaining before the district court . . . has been reduced to final judgment." *See Baker v. Limber,* 647 F.2d 912, 916 (9th Cir. 1981). Here, a final judgment was entered after the dismissal of the remaining defendants and Sloan's notice of appeal was timely as to that judgment.

Sloan contends he did not receive a fair trial on his claims of excessive force. We disagree. Most of his claims regarding discovery, jury instructions, and verdict forms are not reviewable because his attorneys either did not object or they agreed with the district court's rulings. *See*, e.g., *Affordable Housing Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1196 (9th Cir. 2006); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109-10 (9th Cir. 2001). To the extent there were objections, we conclude there was no reversible error.

-2-

Evidence of Sloan's prior convictions was properly admitted as impeachment. *See Brewer v. City of Napa*, 210 F.3d 1093, 1096 (9th Cir. 2000). The credibility of the officers' testimony is a jury determination not reviewable on appeal. *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Although the judge took an active role in the trial, including questioning witnesses, we discern no bias or partiality. *See Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000). Finally, there is no constitutional right to effective assistance of counsel in a civil action. *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985).

B.    <u>Deliberate Indifference</u>

Sloan contends the district court erred by granting summary judgment on his Eighth Amendment claims. We disagree. All of Sloan's contentions against the doctors – that he should have received surgery, been given stronger pain medication, and should not have been forced to walk – are differences of medical opinions that do not give rise to an Eighth Amendment violation. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). His claim that prison nurses refused to treat his injuries also fails because he submitted no evidence they were present that night in the infirmary. Thus, he failed to produce "sufficient probative evidence to create a triable issue." *See Long v. County of Los Angeles*, 442 F.3d 1178, 1191 (9th Cir. 2006).

Sloan complains the district court refused to appoint counsel or an expert to aid him in presenting his Eighth Amendment claims. Given the paucity of his claims, the court properly exercised its discretion in denying those requests. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (counsel), *cert. denied*, 130 S. Ct. 1282 (2010); *Students of California Sch. for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984) (expert), *vacated on other grounds*, 471 U.S. 148 (1985);

Finally, we deny Sloan's pending motions to strike appellees' briefs and to impose sanctions. Appellees' motion to supplement the record is moot because the transcripts at issue are now part of the district court's record.

**AFFIRMED**.