
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER BRIGHTLY, | No.   21-16321 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-00127-JCH |
| v. | |
| CORIZON HEALTH, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted February 7, 2022[**]
Phoenix, Arizona

Before:  GRABER and MILLER, Circuit Judges, and FITZWATER,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Christopher Brightly, an Arizona state prisoner who is experiencing several health problems, appeals the district court's denial of his motion for a preliminary injunction in this 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1292(a)(1) and affirm.

We review the denial of a preliminary injunction for abuse of discretion. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

1. The district court correctly held that some of the relief that Brightly initially sought in his preliminary injunction motion was moot because he had already received the requested remedies. *See Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) ("[A] case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" (second alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))); *see also Honig v. Students of Cal. Sch. for the Blind*, 471 U.S. 148, 149 (1985) (per curiam) (explaining that an appeal challenging the issuance of a preliminary injunction is moot if the movants have already received the injunctive relief they sought).

2. The district court did not abuse its discretion by denying the remainder of Brightly's motion for a preliminary injunction. It is apparent from the record that the district court did not rely on an erroneous legal premise or abuse its discretion in concluding that Brightly failed to demonstrate a likelihood of success on the merits.

And because Brightly did not meet this burden, the district court did not err by failing to address separately each of the factors from *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

**AFFIRMED.**