**Patrick KNOLES, Plaintiff–Appellant**

v.

**WELLS FARGO BANK, N.A.; Government National Mortgage Association, Defendants–Appellees.**

No. 12–40369
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 2013.

Leonard Marc–Charles Girling, Bedford, TX, for Plaintiff–Appellant.

Robert Thompson Mowrey, Kirsten Marisol Castaneda, Senior Counsel, Scott Karl Koelker, Jason Levi Sanders, Esq., Kurt M. Wolber, Locke Lord, L.L.P., Dallas, TX, for Defendants–Appellees.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Patrick Knoles appeals from the district court's denial of his request for a temporary restraining order. The district court properly determined it lacked jurisdiction. We AFFIRM.

In March 2011, Knoles's residence was the subject of a non-judicial foreclosure sale to Wells Fargo Bank. Knoles nonetheless did not vacate the property. Wells Fargo then brought a forcible detainer action in a Collin County Justice of the Peace Court. On April 28, 2011, the court awarded Wells Fargo possession of the property. Knoles appealed to the Collin County Court at Law. On December 2, 2011, that court entered a final judgment that Wells Fargo was entitled to possession. No further appeal was taken. Instead, on January 11, 2012, Knoles filed suit in Collin County District Court against Wells Fargo and Government National Mortgage Association. He claimed the foreclosure was of no effect, that he still had title, and that damages were owed. On February 9, the defendants removed the case to federal court based on diversity jurisdiction.

On March 6, Knoles moved for a temporary restraining order to prevent his eviction. A magistrate judge held a hearing on the motion and recommended the order be denied. The district court agreed and denied the motion. From that order, Knoles has taken an interlocutory appeal.

DISCUSSION

A predicate issue concerns our jurisdiction. An interlocutory appeal may be taken from a district court's order that grants or denies an injunction. 28 U.S.C. § 1292(a)(1). Generally, though, the grant or denial of a temporary restraining order is not appealable. *In re Lieb,* 915 F.2d 180, 183 (5th Cir.1990).

The explicit subject of Knoles's request, the magistrate judge's recommendation, and the district court's judgment, was a "temporary restraining order." Even so, use of that label is not conclusive as to jurisdiction:

> The central inquiry goes to the nature and scope of the hearing that precedes the denial of the motion. The denial of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a so-called temporary restraining order is properly appealable when entered after a hearing in which all interested parties had an opportunity to participate, thus allowing for full presentation of relevant facts.

*Belo Broad. Corp. v. Clark,* 654 F.2d 423, 426 (5th Cir.1981).

Federal court procedural rules distinguish preliminary injunctions from temporary restraining orders. Issuance of an injunction may occur only after notice to the parties, while a temporary restraining order may be issued *ex parte* and without notice. Fed.R.Civ.P. 65(a), (b)(1). Only the temporary restraining order requires verification in the motion of the immediate need for the order, the efforts that had been taken to contact the adverse party, and a time limit for the order—14 days. *Id.* at 65(b)(1)-(2).

Knoles filed his motion on March 6. He neither verified the need for an immediate order nor argued an order should be issued without notice. Instead, the motion indicated that counsel for Wells Fargo had been contacted, that the parties could not agree on a resolution, and that Wells Fargo wanted a hearing on the motion. The next day, the magistrate judge held a hearing at which both parties were present, examined witnesses, and submitted evidence. The magistrate judge entered a report and recommendation on March 8. Knoles filed objections on March 13, and the district court rendered a final judgment on March 20. That was two weeks after Knoles filed his original motion. Participation by opposing counsel and the relative lack of urgency make this motion more in the nature of a preliminary injunction in fact, though not in name. The denial was appealable. *Belo Broad. Corp.,* 654 F.2d at 426.

Even if we have jurisdiction over the appeal, Wells Fargo argues the case is moot because Knoles has been evicted. It is true that "a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined." *Harris v. City of Houston,* 151 F.3d 186, 189 (5th Cir.1998). We drew the rule from an opinion that stated "no order of this court could affect the parties' rights with respect to the injunction we are called upon to review." *Id.* (quoting *Honig v. Students of Cal. Sch. for the Blind,* 471 U.S. 148, 149, 105 S.Ct. 1820, 85 L.Ed.2d 114 (1985)). In the present case, though, an order of this court that Knoles be restored to possession would constitute relief even if belated. The parties have not presented other arguments regarding mootness, such as the possible effect of a sale of the premises to an alleged *bona fide* purchaser.

Based on this record, we have jurisdiction to review the denial of what was in effect a preliminary injunction, an issue that is not moot.

The district court denied relief because of the *Rooker–Feldman* doctrine.[1] That doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Federal district courts lack jurisdiction to review state-court judgments by means of a state-court loser's collateral attack. *United States v. Shepherd,* 23 F.3d 923, 924 (5th Cir.1994).

In this case, a state court rendered a final judgment that awarded Wells Fargo

---

1. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

the possessory right over the land in dispute. The initial decision was appealed and affirmed. No further appeal was taken. Instead, Knoles brought a separate lawsuit challenging the foreclosure and making other claims.

We first categorize the initial lawsuit and the current one. In the initial suit, Wells Fargo brought an action for forcible detainer against Knoles. The only issue to be decided in such a suit is entitlement to immediate possession. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex.App.2011). In the current suit, Knoles claims that there were various infirmities in the note, the deed of trust, and the process leading to foreclosure. Knoles seeks a declaration that the foreclosure was of no effect—leaving him with undisturbed title—and he also requests damages. Here, he has appealed the denial of injunctive relief that would restore the possession he lost in the earlier litigation.

In Texas, if a county court has ruled in a forcible detainer action that one party is entitled to possession, a state district court in a later suit regarding title does not have jurisdiction, prior to its final decree, to "alter the status quo" by issuing "an injunction restraining the enforcement" of the county court's judgment. *Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex.App.1981).

Here, the county court ruled in a forcible detainer action that Wells Fargo was entitled to possession despite the claims brought by Knoles. When the United States District Court refused to alter possession prior to a final decree, it was giving the same deference to the county court judgment as would a Texas district court.

The relief sought, in practical effect, would enjoin Wells Fargo from enforcing a valid extant judgment of a Texas court. The district court is denied jurisdiction to grant that relief by the Anti–Injunction Act, 28 U.S.C. § 2283. *Cf. Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 522–25, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986). As we noted already, the *Rooker–Feldman* doctrine also raises issues of a district court's jurisdiction. *See Exxon Mobil Corp.*, 544 U.S. at 284, 125 S.Ct. 1517. We need not explore *Rooker–Feldman* in light of our ruling on the basis of the Anti–Injunction Act.

AFFIRMED and REMANDED.