# CORRECTED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60785
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2017

Lyle W. Cayce
Clerk

ADMILSON SILVERIO-DA SILVA,

Petitioner

v.

DANA BOENTE, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 358 727

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Admilson Silverio-Da Silva, a native and citizen of Brazil, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the immigration judge (IJ) denying his 2013 motion to reopen his 2004 removal proceedings. We review the BIA's denial of Silverio-Da Silva's motion to reopen under a "highly deferential abuse-of-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). We review the BIA's order, but we also consider the IJ's underlying decision insofar as it influenced the BIA's determination. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Among the arguments raised in his motion to reopen, Silverio-Da Silva contended that he was entitled to equitable tolling of the 90-day deadline set forth in 8 U.S.C. § 1229a(c)(7)(C)(i). Citing our decision in *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008), the IJ held that equitable tolling was not available to toll the § 1229a(c)(7)(C)(i) deadline and that Silverio-Da Silva's request for such tolling was properly construed as a request for the IJ to exercise his sua sponte authority to reopen under 8 C.F.R. 1003.23(b). Alternatively, the IJ looked to this court's equitable tolling jurisprudence and held that such tolling, even if available, was not warranted because (1) a Portuguese-language stipulation signed by Silverio-Da Silva undermined his due process argument, and (2) Silverio-Da Silva had waited over nine years to file his motion and therefore had not diligently pursued his rights. The IJ did not consider the merits of Silverio-Da Silva's motion to reopen apart from this equitable tolling analysis.

On appeal, the BIA concurred with the IJ that Silverio-Da Silva's motion was untimely under § 1229a(c)(7)(C)(i) and that equitable tolling was not available pursuant to *Ramos-Bonilla*. The BIA also cited with approval the portion of the IJ's opinion that alternatively held that equitable tolling was not warranted even if available. However, the BIA characterized the IJ's

alternative holding thusly: "[E]ven if [the IJ] had jurisdiction over the motion to reopen, the respondent did not establish any exceptional circumstances to warrant *reopening*." (emphasis added).

In the time since the BIA's decision, the Supreme Court has held that requests for equitable tolling of the § 1229a(c)(7)(C)(i) deadline should no longer be construed as provided in *Ramos-Bonilla*. *Mata v. Lynch*, 135 S. Ct. 2150, 2155-56 (2015). Further, in the wake of *Mata*, this court has held that equitable tolling is available to toll the § 1229a(c)(7)(C)(i) deadline. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-45 (5th Cir. 2016) (instructing the BIA to apply on remand the same equitable tolling standards used by this court in other contexts). Remand may be appropriate when the BIA's decision has become unsustainable in light of an intervening change in binding precedent. *See Kane v. Holder*, 581 F.3d 231, 242 & n.42 (5th Cir. 2009) (citing *Arce-Vences v. Mukasey*, 512 F.3d 167, 172-73 (5th Cir. 2007)).

We note that, as stated above, the BIA cited with approval the portion of the IJ's decision stating that equitable tolling was not warranted even if available; however, the BIA characterized this portion of the IJ's decision as supporting the conclusion that reopening, as opposed to equitable tolling, was not warranted. We, therefore, cannot discern whether the BIA intended to adopt the IJ's alternative equitable tolling holding, to rule in the alternative on the merits of Silverio-Da Silva's motion, or both.

Accordingly, before we reach other, more complex issues presented in Silverio-Da Silva's petition, judicial economy dictates that we REMAND this case to the BIA for the limited purpose of reconsidering Silverio-Da Silva's equitable tolling claim in light of *Mata* and *Lugo-Resendez*.

REMANDED FOR LIMITED PURPOSE.