

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00444-CV

TAWNYA BRIGANDI                                                          APPELLANT

V.

AMERICAN MORTGAGE                                                        APPELLEE
INVESTMENT PARTNERS FUND I
TRUST

----------

### FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
### TRIAL COURT NO. CV-2016-01542

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tawnya Brigandi appeals from the county court's order dismissing her appeal of the justice court's judgment of eviction. Because Brigandi is no longer in possession of the property at issue and because her

---

[1]*See* Tex. R. App. P. 47.4.

allegations do not raise a potentially meritorious claim that she is entitled to current, actual possession of the home, her appeal is moot and we dismiss it as such.

## I. BACKGROUND

### A. THE PROPERTY

On June 11, 2003, Brigandi, along with her husband Nicholas Brigandi (collectively, the Brigandis), executed a note for $142,607 that was secured by a deed of trust to their home in Little Elm, Texas ("the property"), in favor of First Independent National Bank. The deed of trust provided that if the property was sold at a foreclosure sale, the Brigandis agreed to surrender possession of the home:

> If the Property is sold [at a foreclosure sale], [the Brigandis] or any person holding possession of the Property through [the Brigandis] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [the Brigandis] or such person shall be a tenant at sufferance and may be removed by writ of possession.

After several transfers and assignments, appellee American Mortgage Investment Partners Fund I Trust became the owner and holder of the note and deed of trust.

### B. DEFAULT AND FORECLOSURE

The Brigandis defaulted on their payment obligations, and American Mortgage gave them written notice of the defaults and an opportunity to cure, which they failed to do. On April 5, 2016, the property was sold at a foreclosure

2

sale to American Mortgage as the highest bidder.[2]  Because the Brigandis did not immediately surrender possession of the property after the sale, they became tenants at sufferance under the terms of the deed of trust.  *See* Tex. Prop. Code Ann. § 24.002(a)(2) (West 2014).  On April 14, 2016, American Mortgage served the Brigandis with a notice to vacate and demand for possession.  *See id.* § 24.004(a) (West 2014), § 24.005(b) (West Supp. 2016).  The Brigandis again failed to vacate the property.

## C. EVICTION PETITION IN JUSTICE COURT

On May 2, 2016, American Mortgage filed an eviction petition in the justice court, seeking possession of the property and the Brigandis' removal.  *See* Tex. R. Civ. P. 510.3.  On May 17, 2016, Brigandi filed a petition in the Denton County probate court, seeking damages based on American Mortgage's prior collection efforts and to set aside the foreclosure sale and the substitute trustee's deed.[3] *See Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013) (recognizing difference between appeal of forcible-detainer suit and appeal of separate action for "infirmities in the note, the deed of trust, and the process leading to foreclosure").  Brigandi then sought to dismiss American Mortgage's eviction petition based on her challenge to the validity of the foreclosure and

---

[2]American Mortgage asserted that at the time of the sale, the Brigandis owed "more than $57,000 in monthly principal and interest payments."  American Mortgage paid $167,500 at the sale.

[3]The record gives no further information on this action.

3

subsequent substitute trustee's deed.  She also asserted that the justice court did not have jurisdiction to adjudicate title or ownership based on her probate-court petition.  On June 15, 2016, the justice court signed a judgment of eviction, awarding American Mortgage possession of the property, setting an appellate bond at $1,500, and stating that American Mortgage was "entitled to such writs and abstracts as are necessary to effect execution of this judgment."  *See* Tex. R. Civ. P. 510.8(b), 510.9(b).  The justice court did not award court costs, attorneys' fees, or back rent in the judgment.

### D.  APPEAL DE NOVO TO COUNTY COURT

Brigandi filed a sworn statement of her inability to pay the appellate bond, which American Mortgage contested.  *See* Tex. R. Civ. P. 510.9(c)(1)–(2).  The justice court sustained American Mortgage's contest, concluding that Brigandi's sworn statement was insufficient to perfect her appeal from the judgment of eviction.  On June 29, 2016, the justice court ordered the Brigandis to post the $1,500 appeal bond by the next business day to perfect the appeal.  On July 5, 2016, Brigandi filed a notice of appeal from the justice court's order sustaining American Mortgage's contest.  *See* Tex. R. Civ. P. 510.9(c)(3).  The county court denied the appeal, concluding that Brigandi did not meet her burden to show an inability to pay the appeal bond, and gave the Brigandis until July 29, 2016, to post the appeal bond.  *See* Tex. R. Civ. P. 510.9(c)(4).  Brigandi timely posted the $1,500 appeal bond; thereby perfecting her appeal de novo to the county

4

court from the justice court's judgment of eviction. *See* Tex. R. Civ. P. 510.9(f), 510.10(c).

On October 18, 2016, the county court dismissed Brigandi's appeal for want of jurisdiction because she had failed to pay the required filing fees and released her appeal bond to the justice court. *See* Tex. R. Civ. P. 143a. The record does not reflect, however, that the county court gave Brigandi the required notice of nonpayment before it dismissed her appeal. *See DePue v. Henderson*, 801 S.W.2d 178, 179 (Tex. App.—Houston [14th Dist.] 1990, no pet.). The next day, the justice court issued a writ of possession. *See* Tex. Prop. Code Ann. § 24.0061 (West Supp. 2016); Tex. R. Civ. P. 510.8(d).

### E. EFFORTS TO STAY EXECUTION

On October 31, 2016, Brigandi filed a motion in the county court requesting that the writ of possession be vacated or stayed based on the county court's failure to notify her of the past-due filing fee.[4] *See* Tex. R. Civ. P. 143a. Two days later, she filed a petition for writ of mandamus, seeking an order from this court vacating the county court's dismissal order and the justice court's writ of possession. We requested a response, but denied relief based on Brigandi's adequate remedy by appeal from the county court's October 18, 2016 dismissal order. *In re Brigandi*, No. 02-16-00414-CV, 2016 WL 6803895, at *1 (Tex. App.—Fort Worth Nov. 17, 2016, orig. proceeding) (mem. op.). We further

---

[4]The record does not reflect that the county court ruled on this motion.

stayed the underlying proceedings and any attempts to execute on the writ of possession until any appeal was finally decided or until the time to appeal expired. *Id.*

On November 17, 2016, Brigandi filed a notice of appeal from the county court's dismissal, which is the case currently before this court. American Mortgage filed a motion in the county court, requesting an appropriate bond, deposit, or security be set in order for Brigandi to suspend enforcement of the county court's dismissal order. *See* Tex. R. App. P. 24.1–.2. Brigandi objected to this motion on the basis of our prior stay order. The county court granted American Mortgage's motion and ordered Brigandi to post a $16,000 supersedeas bond no later than December 30, 2016, to suspend enforcement of the dismissal order.

On December 27, 2016, Brigandi filed a second mandamus petition, arguing that the county court violated this court's stay order by setting a supersedeas bond amount. We again denied Brigandi mandamus relief, concluding that the supersedeas order did not violate our prior stay and noting that Brigandi failed to request in the instant appeal either a review of the supersedeas order under rule 24.4 or other temporary order under rule 43.6. *In re Brigandi*, No. 02-16-00476-CV, 2016 WL 7473936, at *1 (Tex. App.—Fort Worth Dec. 29, 2016, orig. proceeding) (mem. op.). But we again emphasized that our prior stay of the underlying proceedings and execution of the writ of

6

possession remained in effect until the appeal became final "or further order of this court." *Id.*

On January 17, 2017, American Mortgage filed a motion in this court requesting that the stay be modified to allow it to execute on the writ of possession based on Brigandi's failure to post the supersedeas bond set by the county court. *See* Tex. Prop. Code Ann. § 24.007 (West Supp. 2016); Tex. R. Civ. P. 510.13. We granted this motion, ordering that our prior stay was no longer in effect and that American Mortgage "is no longer prohibited from executing the writ of possession issued on October 19, 2016," by the justice court. We also denied Brigandi's motion to reconsider this ruling. Although Brigandi then moved for this court to review the county court's supersedeas bond, we denied the motion. *See* Tex. R. App. P. 24.4(d)–(e).

## F. EXECUTION OF THE WRIT AND MOTION TO DISMISS

On March 2, 2017, a constable executed the writ of possession and removed the Brigandis and their possessions from the property. American Mortgage then filed a motion to dismiss Brigandi's appeal as moot because she no longer has actual possession of the property and does not assert a potentially meritorious claim of her right to current, actual possession. Brigandi responded that she perfected her appeal de novo by filing a $1,500 bond and that she was entitled to due process—notice of the past-due filing fees in the county court— "before she could be forcibly removed from her home," which preclude a finding of mootness.

7

## II. FORCIBLE DETAINER AND MOOTNESS

The only issue in a forcible-detainer action is the right to actual possession of the property. *See* Tex. R. Civ. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* Tex. Prop. Code Ann. §§ 24.001–.002 (West 2014). A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. Indeed, the merits of title to the property may not be adjudicated in an action for forcible detainer. *See* Tex. R. Civ. P. 510.3(e); *Marshall*, 198 S.W.3d at 785. In other words, a "[j]udgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Olley v. HVM, L.L.C.*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *see also* Tex. Prop. Code Ann. § 24.008 (West 2014) (providing that forcible-detainer action does not bar "suit for trespass, damages, waste, rent, or mesne profit").

Importantly, if a supersedeas bond in the amount set by the county court is not filed, the judgment in a forcible-detainer action may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* Tex. Prop. Code Ann. § 24.007; Tex. R. Civ. P. 510.13; *Marshall*, 198 S.W.3d at 786. A defendant's indigence does not relieve her of the obligation to file a supersedeas bond. *See* Tex. Prop. Code Ann. § 24.007; *Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *2 (Tex. App.—Houston [1st

Dist.] May 10, 2016, no pet.) (mem. op.). The failure to supersede the judgment, standing alone, does not deny an appellant the right to appeal. *See Marshall*, 198 S.W.3d at 786–87. But such a failure may render the appeal moot. *Id.* at 787. If a forcible-detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless she (1) timely and clearly expressed her intent to appeal and (2) the appellate relief requested is not futile, i.e., "so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the [property]." *Id.* To determine if Brigandi's appeal is moot as asserted by American Mortgage, thereby divesting this court of jurisdiction over her appeal, we must examine her appellate claims to determine whether she provides a basis for claiming a right to current, actual possession of the property. *See, e.g.*, *Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Olley*, 449 S.W.3d at 575 (noting appellate court lacks jurisdiction over moot controversies).

In her appellate brief, Brigandi focuses on the county court's alleged error in dismissing her de novo appeal and remanding to the justice court because she perfected her appeal by posting the $1,500 appeal bond set by the justice court. Her appeal bond, she urges, absolutely prohibited the issuance of the writ of possession, which seems to be an implicit argument that she is entitled to actual possession of the property because the writ of possession should never have been issued or executed on. But Brigandi agreed in the deed of trust that foreclosure would establish a landlord and tenant-at-sufferance relationship

9

between her and the eventual purchaser—American Mortgage. This provided an independent basis for the justice court to determine the sole issue of immediate possession. *See Wilhelm*, 349 S.W.3d at 769; *Rice v. Pinney*, 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no pet.). Brigandi's appellate assertions regarding the procedures by which the writ of possession was issued and executed after the county court dismissed her de novo appeal of the eviction judgment do not present a basis for claiming a right to current, actual possession to the property after the foreclosure sale based on her status as a tenant at sufferance. *See Vincent v. Just Right Prop. Solutions, LLC*, No. 08-16-00012-CV, 2016 WL 4126019, at *2 (Tex. App.—El Paso Aug. 3, 2016, no pet.) (mem. op.); *Wilhelm*, 349 S.W.3d at 768–69; *see also Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865–68 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Bowser v. Rodeo Props., LLC*, No. 03-11-00806-CV, 2012 WL 6761526, at *1 (Tex. App.—Austin Dec. 28, 2012, no pet.) (mem. op.); *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812–13 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

## III.  CONCLUSION

Because Brigandi is no longer in possession of the property and because she does not assert a potentially meritorious claim raising her right to current, actual possession of the property, the issue of possession—the sole issue in a forcible-detainer appeal—is rendered moot. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 769. We grant American Mortgage's motion to dismiss, vacate the underlying courts' judgments without consideration of the merits, and

10

dismiss the case as moot. *See Marshall*, 198 S.W.3d at 785 ("We conclude that Marshall's case is moot and that the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place."); *Bowser*, 2012 WL 6761526, at *2 ("Having determined that the case has become moot on appeal, we vacate the underlying judgment without consideration of the merits and dismiss the appeal as moot.").

PER CURIAM

PANEL:  GABRIEL, J.; LIVINGSTON, C.J.; and SUDDERTH, J.

DELIVERED:  April 20, 2017

11