# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10357
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2017

Lyle W. Cayce
Clerk

AUDREY DICK,

Plaintiff - Appellant

v.

COLORADO HOUSING ENTERPRISES, L.L.C.; COMMUNITY RESOURCES AND HOUSING DEVELOPMENT CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-533

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:

This interlocutory appeal is from an order denying a motion for a preliminary injunction to stop a foreclosure sale.[1] We DISMISS the appeal as MOOT.

## I.    FACTUAL AND PROCEDURAL HISTORY

In 2014, Plaintiff Audrey Dick ("Plaintiff") and her husband borrowed $100,000 from Colorado Housing Enterprises, L.L.C. and Community

---

[1] The denial of a preliminary injunction is appealable as an exception to the final-judgment rule. 28 U.S.C. § 1292(a)(1); *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).

No. 17-10357

Resources and Housing Development Corporation ("Defendants"). The loan was secured with a deed of trust that granted the Defendants a lien on certain real property owned by Plaintiff. In 2015, Plaintiff defaulted on the loan payments.

Over the course of the year in 2016, Plaintiff obtained the stay of three, separately scheduled foreclosure sales by filing for bankruptcy three different times (either for herself or on behalf of her husband). All three bankruptcy proceedings were dismissed, and the last bankruptcy proceeding was dismissed with prejudice for two years.

In January of 2017, Plaintiff was notified that a foreclosure sale was scheduled for February 7. In response, Plaintiff filed suit in Texas state court on February 2. Plaintiff sought an *ex parte* temporary restraining order, which the state court granted. Defendants removed the case to federal district court on February 23. In a letter dated March 1, Defendants gave notice that a foreclosure sale was scheduled for April 4. On March 23, Plaintiff filed a motion seeking a temporary restraining order and preliminary injunction to stop the sale. On March 30, Defendants filed a response to the motion. The next day, the district court denied the motion. On April 2, Plaintiff filed a notice of interlocutory appeal from the order denying the motion for a preliminary injunction.

On April 3, Plaintiff-Appellant filed in this court an opposed emergency motion for stay of foreclosure proceedings pending appeal. On April 4, the trustee accepted a successful bid for the property at the foreclosure sale. Approximately two hours later, this court issued an order granting the motion to stay foreclosure proceedings pending appeal.

II.    MOOTNESS

In their brief on appeal, the Defendants-Appellees argue that this appeal from the denial of the preliminary injunction is moot because the subject

2

property was sold at the April 4 foreclosure sale. "Ordinarily, an appeal will be moot when the property underlying the dispute has been sold at a foreclosure sale because this court cannot fashion adequate relief, *i.e.*, cannot reverse the transaction." *Christopher Village, Ltd. P'ship v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). *See also NCNB Tex. Nat'l Bank v. Southwold Assocs.,* 909 F.2d 128, 129 (5th Cir. 1990) (explaining that because the lien on the property had been foreclosed, the propriety of the preliminary injunction was rendered moot).

Plaintiff-Appellant acknowledges the above precedent. Nonetheless, Plaintiff-Appellant asserts that because the Defendants-Appellees were the successful bidders at the foreclosure sale, this court can order them to cancel or rescind the foreclosure sale. Relying on *Knoles v. Wells Fargo Bank, N.A.,* Plaintiff-Appellant contends that this appeal is not moot. 513 F. App'x 414 (5th Cir. 2013). In *Knoles,* the plaintiff's residence had been sold at a foreclosure sale to Wells Fargo Bank. *Id.* However, the plaintiff did not vacate the property, and Wells Fargo brought a successful forcible detainer action. *Id.* That judgment was not appealed. *Id.* Thereafter, plaintiff brought suit against Wells Fargo in state court, challenging the foreclosure. *Id.* Wells Fargo removed the case to federal court, and the plaintiff moved for a temporary restraining order to prevent his eviction. *Id.* The district court denied the motion, and the plaintiff took an interlocutory appeal to this court. *Id.* Wells Fargo argued that the appeal was moot because the plaintiff had already been evicted. *Id.* at 415. We recognized the rule that "a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined." *Id.* (internal quotation marks and citation omitted). Nevertheless, we rejected the mootness argument, opining that "an order of this court that Knoles be restored to possession would constitute relief even if belated." *Id.* We further opined that the "parties have not presented other arguments

regarding mootness, such as the possible effect of a sale of the premises to an alleged *bona fide* purchaser." *Id.* Thus, because the evicted tenant and the purchaser of the property were before it on appeal, this court rejected the claim that the appeal was moot.

We decline to apply the reasoning in *Knoles* to the instant appeal. *Knoles* is an unpublished opinion and thus does not constitute controlling precedent. *See* 5th Cir. R. 47.5.4. Moreover, as explained below, we have controlling precedent that would conflict with our extending the reasoning in *Knoles* to the case at bar. "It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

In *Matter of Sullivan Cent. Plaza, I, Ltd.,* the debtor failed to make payments on a construction loan secured by a high rise tower, and the bank scheduled the tower for foreclosure. 914 F.2d 731, 732 (5th Cir. 1990), *on rehearing,* 935 F.2d 723 (5th Cir. 1991). The debtor then filed for bankruptcy, which automatically stayed the foreclosure sale. *Id.* Subsequently, the bankruptcy court lifted the stay because, among other things, the plan for reorganization could not be confirmed. *Id.* The debtor filed a second amended plan for reorganization and requested an emergency injunction. *Id.* at 733. The court granted a temporary injunction but conditioned the relief by requiring the debtor to meet certain requirements. *Id.* After the debtor failed to meet the requirements, the court withdrew the injunction. *Id.* The debtor moved for a stay pending appeal, which was denied by both the bankruptcy court and district court. *Id.* This court denied the debtor's request for a writ of mandamus. *Id.*

Thereafter, the bank bought the property at a foreclosure sale. *Id.* The bank then moved the district court to dismiss as moot (1) the appeal from the withdrawal of the injunction and (2) the appeal from the lifting of the automatic stay. *Id.* The debtor argued that the appeals were not moot because all the necessary parties involved in the sale were before the district court. *Id.* The district court rejected that argument and dismissed the appeals as moot. *Id.* The debtor appealed to this court. *Id.* We explained that generally, "[i]f the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot." *Id.*[2]  Further, although we expressly recognized the debtor's argument that the appeal was *not* moot because all the parties (including the bank that purchased the property) were before the court, we nonetheless held that the appeal was moot.

Likewise, in the case at bar, Plaintiff-Appellant argues that the appeal is not moot because there was no third-party purchaser; instead, the Defendants-Appellants purchased the property, and they are before this court. However, *Matter of Sullivan* is published precedent and controls this case. Thus, applying the holding in *Matter of Sullivan,* we must reject Plaintiff-Appellant's argument that the instant appeal is not moot simply because the Defendants-Appellants purchased the foreclosed property and are before us on appeal.

Plaintiff-Appellant further argues that the instant appeal is not moot because Texas law provides the remedy of setting aside a foreclosure sale and cancelling a trustee's deed. Reply brief at 2 (citing *Wells Fargo Bank, N.A. v.*

---

[2] Although our opinion in *Matter of Sullivan* was a bankruptcy proceeding, the mootness analysis applied with respect to automatic stays in bankruptcy cases "is judicially derived from a fundamental jurisdictional tenet: federal courts are empowered to hear only live cases and controversies." 914 F.2d at 735 (citing U.S. Const. art III, section 2). Thus, the mootness analysis in *Matter of Sullivan* is applicable to the instant appeal.

*Robinson,* 391 S.W.3d 590 (Tex.App. — Dallas 2012, no pet.)).  However, this argument is also foreclosed by our opinion in *Matter of Sullivan.*  In that case, in support of his argument that the appeal was not moot, the debtor similarly asserted that "foreclosures may be reversible under Texas state law."  *Id.* at 734.   This court expressly recognized that wrongful foreclosures may be reversible in Texas.  *Id.* (citing *Henke v. First S. Props., Inc.,* 586 S.W.2d 617 (Tex.App. — Waco 1979, *writ ref'd, n.r.e.*)).  However, we explained that our opinion did not imply that the improper lifting of a stay of a foreclosure sale would constitute grounds for a wrongful foreclosure action.  *Id.*  We further explained that the "details of the foreclosure sale do not form the basis of the appeal from the lifting of the automatic stay."  *Id.* at 735.   Ultimately, we concluded the "availability of an action for wrongful foreclosure [was] inapposite" to the appeal from the lifting of the stay.  *Id.* at 734.  Applying the reasoning in *Matter of Sullivan* to the case at bar*,* Plaintiff-Appellant's reliance on the availability of a wrongful foreclosure suit is irrelevant to this appeal from the denial of the preliminary injunction.

III.   CONCLUSION

In sum, this court "simply cannot enjoin that which has already taken place."  *Harris v. City of Houston,* 151 F.3d 186, 189 (5th Cir. 1998).  For the above reasons, we DISMISS the appeal as MOOT.