**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1147
_____


In re: LUNDES GARRETT; JUNE GARRETT,
                                        Debtors

Lundes Garrett; June Garrett,*
                                        Appellants

(*Pursuant to Federal Rule of Appellate Procedure 12(a))

_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-17-cv-00750)
District Judge: Honorable Malachy E. Mannion

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
August 20, 2018

Before: JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 29, 2018)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Proceeding pro se, Lundes and June Garrett filed a joint, voluntary petition under Chapter 7 of the Bankruptcy Code.[1] The Garretts listed Chase Home Finance ("Chase") as a secured creditor on Schedule D to their petition, with respect to their real property in Saylorsburg, Pennsylvania.[2] Chase was eventually granted relief from the automatic stay ("the stay order") in order to continue the prosecution of a state foreclosure action in Monroe County. The Chapter 7 Trustee then administered the bankruptcy estate and issued a report, in mid-2011, stating that no assets were available for distribution to creditors. Soon after, the Bankruptcy Court denied a motion by the Garretts, under Fed. R. Civ. P. 60(b), to vacate the stay order. The Garretts' bankruptcy case closed in 2014.

In March 2017, the Garretts filed another motion to vacate the stay order, insisting that they had discovered in state foreclosure proceedings certain evidence demonstrating that Chase could not validly have obtained relief from the automatic stay. After holding a hearing, the Bankruptcy Court denied the new motion. The Garretts appealed.

The District Court exercised jurisdiction under 28 U.S.C. § 158(a)(1), and affirmed the order of the Bankruptcy Court, agreeing with Chase that the Garretts "failed to meet the Rule 60(b) standard for granting relief from a final order . . .." The District

---

[1] All references to the Garretts' bankruptcy proceedings are to the March 2011 Chapter 7 filing docketed at M.D. Pa. Bankr. No. 5:11-bk-01800. We recognize that Lundes Garrett filed individual Chapter 13 petitions in December 2015, January 2016 and April 2016, but those proceedings are not at issue here.

[2] They later amended Schedule D to state that an "Unknown Lender" was the holder of a

Court, given its disposition, declined to address Chase's alternative argument that the appeal was "moot" as a result of antecedent litigation events.

The Garretts have appealed the judgment of the District Court. We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, because the order on review is final and immediately appealable. And we always have jurisdiction to determine our own jurisdiction. See United States v. Ruiz, 536 U.S. 622, 628 (2002).

The Garretts on appeal raise 14 claims of error. We address none of them, for the Constitution gives federal courts the power to adjudicate only "Cases" and "Controversies," see U.S. Const. art. III, § 2, cl. 1, and the Garretts' March 2017 motion fails to present one. Article III's 'case or controversy' feature is lacking from an action in which it is impossible for the court to grant effective relief to the prevailing party. Knox v. Serv. Emps. Inter. Union, Local 1000, 567 U.S. 298, 307 (2012); see also Mills v. Green, 159 U.S. 651, 653 (1895) ("The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.").

The Garretts' most recent motion to vacate is such an action; i.e., it does not present a live controversy capable of redress by the federal courts. Indeed, at the heart of the matter is a challenge to the Bankruptcy Court's order granting Chase relief from the (since-dissolved) automatic stay in order to pursue (since-resolved) foreclosure

_____

secured claim on the Saylorsburg property. 3

proceedings in state court against real property the Garretts identified as entitled to exemption in their amended Schedule C to the Chapter 7 petition. See, e.g., JP Morgan Chase Bank, N.A. v. Garrett, No. 2436 EDA 2013, 2014 WL 10915511 (Pa. Super. Ct. July 15, 2014).[3] That being so, there is no possibility that effective relief could be provided to the Garretts even assuming, arguendo, they are correct that the Bankruptcy Court's stay order should be vacated. Cf. Dick v. Colo. Hous. Enter., LLC, 872 F.3d 709, 711-13 (5th Cir. 2017) (dismissing as moot an interlocutory appeal from an order denying a motion to enjoin a foreclosure sale of property because the subject property had been sold); Gardens of Cortez v. John Hancock Mut. Life Ins. Co., 585 F.2d 975, 978 (10th Cir. 1978) (ruling that automatic stay issue no longer presents a live case or controversy

_____

[3] The filing of a petition for relief under the Bankruptcy Code, in addition to establishing an estate consisting of the debtor's property, triggers an automatic stay of all acts against the debtor and his non-exempt property. See 11 U.S.C. §§ 541(a) and 362(a). With respect to acts against estate property, the automatic stay "continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). For all other acts, the automatic stay persists until the earliest of: the case being closed; the case being dismissed; or a discharge being granted or denied (to an individual debtor). See 11 U.S.C. § 362(c)(2).

A debtor's interest in real property, among other things, may be deemed exempt from the estate, see 11 U.S.C. § 522(b), (d)(1), and thus protected from distribution to creditors. The Garretts' claimed exemption here was effective in the absence of a timely objection. Cf. Taylor v. Freeland & Kronz, 503 U.S. 638, 642-44 (1992) (validity of exemption may not be contested after 30-day objection period prescribed by Bankruptcy Rule 4003, even if debtor had no colorable basis for claiming exemption). The August 2011 report of the Chapter 7 Trustee in the Garretts' case concluded that there was "no property available for distribution from the estate over and above that exempted by law," and that all of the Garretts' scheduled claims were to be discharged without payment to creditors. Moreover, as noted earlier in this opinion, the case was eventually closed in 2014. Thus, with respect to the Saylorsburg property, the automatic stay, even in the absence of the stay order giving Chase permission to proceed with foreclosure, would have been lifted long before the Garretts even filed their motion to vacate in March 2017.

4

when bankruptcy concludes and stay is dissolved).[4] Therefore, the appeal will be

dismissed for lack of jurisdiction.[5]

---

[4] Notably, this is not a case in which a party has appealed a judgment that was directly "used" as the legal foundation to foreclose on a property. New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1496-97 (3d Cir. 1996). Rather, the stay order merely permitted Chase to pursue a judgment that could be used to foreclose on the Garretts' property.

[5] If the merits of the appeal could have been considered, the Garretts would have had to persuade this Court that the Bankruptcy Court somehow lacked the authority to entertain Chase's motion for relief from the automatic stay, cf. In re Indian Palms Assoc., Ltd., 61 F.3d 197, 199 n.2 (3d Cir. 1995) (citing 28 U.S.C. § 157(b)(1)-(2)); Marshall v. Bd. of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978), or that their motion to vacate—filed five-plus years after the stay order was entered—somehow had been brought to court with the requisite haste, see Fed. R. Civ. P. 60(c)(1); cf. Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 913 n.7 (3d Cir. 1977), and in reliance on extraordinary circumstances, see Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).