# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2020

Lyle W. Cayce
Clerk

No. 17-60333
Summary Calendar

PEDRO PABLO GUERRERO-LASPRILLA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A040 249 969

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

In *Guerrero-Lasprilla v. Sessions*, our court dismissed for lack of jurisdiction the petition for review. 737 F. App'x 230, 230 (5th Cir. 2018) (per curiam), *vacated*, 140 S. Ct. 1062 (2020). In doing so, we noted: "whether an alien acted diligently in attempting to reopen removal proceedings for purposes

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60333

of equitable tolling is a factual question". *Id.* at 231 (citing *Penalva v. Sessions*, 884 F.3d 521, 525 (5th Cir. 2018)). Consequently, we held: "[b]ecause Guerrero was removable on account of criminal convictions that qualified as aggravated felonies as well as violations of laws relating to controlled substances, we lack[ed] jurisdiction to consider the factual question of whether he acted with the requisite diligence to warrant equitable tolling". *Id.* (citing 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B)(i); 8 U.S.C. § 1252(a)(2)(C); *Penalva*, 884 F.3d at 525–26).

> On 23 March 2020, however, the Supreme Court held:

> [I]n this kind of immigration case (involving [an alien] who [is] removable for having committed certain crimes), a court of appeals may consider only "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). The issue before us is, as we have said, whether the statutory phrase "questions of law" includes the application of a legal standard to undisputed or established facts. If so, the Fifth Circuit erred in holding that it "lack[ed] jurisdiction" to consider [petitioner's] claim[] of due diligence for equitable tolling purposes. We conclude that the phrase "questions of law" does include this type of review, and the Court of Appeals was wrong to hold the contrary.

*Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020).

In so holding, the Court vacated our judgment and "remand[ed] the[] case[] for further proceedings consistent with [its] opinion". *Id.* at 1073. On remand, we directed the parties to file supplemental letter briefs on the action's merits. We now substitute this opinion for our prior opinion.

Pedro Pablo Guerrero-Lasprilla, a native and citizen of Colombia, was admitted to the United States in 1986 as an immigrant. He was ordered removed, however, in 1998 following felony convictions of conspiracy to possess, with intent to distribute, cocaine base and possession, with intent to distribute, cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846. In September 2016, Guerrero filed a motion to reopen his removal

proceedings, claiming *Matter of Abdelghany*, 26 I. & N. Dec. 254 (B.I.A. 2014), rendered him eligible to seek relief under former Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c) (repealed 1996).

The immigration judge (IJ) denied the motion to reopen, determining it was untimely under 8 C.F.R. § 1003.23(b)(1) ("A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later."). The IJ further determined: Guerrero was "not entitled to equitable tolling of his untimely motion to reopen" because his waiting two years to file his motion to reopen, after his right to seek § 212(c) relief was explained by *Matter of Abdelghany* in 2014, did not show he diligently pursued his rights; even if he was entitled to equitable tolling, Guerrero had not met the requirement of filing a special motion to seek relief under former § 212(c) on or before 25 April 2005; and the IJ would not exercise discretion to reopen Guerrero's proceedings *sua sponte*.

On appeal, the Board of Immigration Appeals (BIA) adopted and affirmed the IJ's denial of the motion to reopen and dismissed the appeal. In doing so, the BIA similarly determined: "[t]he motion to reopen was untimely because it was not filed within 90 days of the final administrative decision in this case"; equitable tolling did not excuse the untimely filing, and Guerrero's contention he could not have filed his motion prior to our court's decision in *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016), was unavailing; even if Guerrero's contention could support an equitable-tolling claim, he had failed to file the special motion seeking relief required under former § 212(c); and *sua sponte* reopening of the proceedings was unwarranted.

In his petition for review to our court, Guerrero asserted the BIA erred in denying his motion to reopen removal proceedings based on its

determinations:  he was not entitled to equitable tolling on his motion; and he failed to file the required special motion seeking relief under former § 212(c). (Guerrero also contended the BIA erred by not exercising its discretion to reopen proceedings *sua sponte*.  Because this issue was raised for the first time in Guerrero's reply brief, however, we did not consider it.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (citation omitted).  In any event, we lack jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte*. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir. 2004), *overruled on other grounds by Mata v. Lynch*, 135 S. Ct. 2150, 2155–56 (2015).)

"In reviewing the denial of a motion to reopen, [our] court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief."  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citation omitted).  "Accordingly, this court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Id.* (citation omitted).  In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), we review legal conclusions *de novo* and factual findings for substantial evidence.  *Id.* (citations omitted).  (Guerrero contends erroneously in his supplemental briefing that our review is *de novo.  See id.* (citation omitted).)

As referenced *supra*, because Guerrero was removable on account of criminal convictions that qualified as aggravated felonies and as violations of laws relating to controlled substances, our court has jurisdiction only over constitutional claims and questions of law raised in his petition for review.  *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B)(i); 8 U.S.C. §§ 1252(a)(2)(C), (D).  Whether Guerrero exercised due diligence, for equitable-tolling purposes, is such a

"question of law" over which we have jurisdiction. *Guerrero-Lasprilla*, 140 S. Ct. at 1068.

In that regard, "the deadline for filing a motion to reopen . . . is subject to equitable tolling". *Lugo-Resendez*, 831 F.3d at 344. But, equitable tolling is warranted only if petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing". *Id.* (citation omitted). "The first element requires [petitioner] to establish that he pursued his rights with reasonable diligence, not maximum feasible diligence", and "[t]he second element requires [petitioner] to establish that an extraordinary circumstance beyond his control prevented him from complying with the applicable deadline". *Id.* (internal quotation marks and citations omitted). Importantly, "[c]ourts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate". *Id.* at 344–45 (citation omitted).

In challenging the BIA's equitable-tolling determination, Guerrero asserted in his original briefing to our court: he could not have moved to reopen his removal proceedings before our court decided *Lugo-Resendez* in 2016, even though the BIA decided *Matter of Abdelghany* in 2014, because any prior-filed motion would have been procedurally barred; and he was diligent by filing his motion to reopen 40 days after the *Lugo-Resendez* decision. In his supplemental briefing, Guerrero further contended, quoting *Silverio-Da Silva v. Boente*, 675 F. App'x 487, 488 (5th Cir. 2017) (per curiam) (citation omitted), that *Lugo-Resendez* was "an intervening change in binding precedent" that satisfied equitable tolling's "extraordinary circumstance" element. *See Lugo-Resendez*, 831 F.3d at 344 (citation omitted).

No. 17-60333

The BIA did not err, however, in denying Guerrero's motion to reopen on this ground.  Facing "an uncertain outcome based upon an uncertain legal landscape" is not an extraordinary circumstance warranting equitable tolling. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 757 (2016) (citation omitted).  As Guerrero stated in his opening brief for the original briefing here, "[w]hen this [c]ourt held [in *Lugo-Resendez*] that the deadline for filing a motion to reopen . . . was subject to equitable tolling, it answered that question for the first time".  Indeed, our court noted in its *Lugo-Resendez* decision that, "[d]espite numerous opportunities to do so, [our] [c]ourt ha[d] not decided whether equitable tolling applie[d] to the 90-day deadline for filing a motion to reopen" before then "join[ing] our sister circuits in holding that the deadline for filing a motion to reopen . . . is subject to equitable tolling".  *Lugo-Resendez*, 831 F.3d at 343–44.

This situation is, therefore, distinct from one where petitioner "rel[ies] on *actually binding* precedent that is subsequently reversed", *see Menominee Indian Tribe*, 136 S. Ct. at 757 (emphasis in original), as no precedent existed foreclosing the contention that motions to reopen are subject to equitable tolling.  And, although our court had previously construed an equitable-tolling request "as an invitation for the BIA to exercise its discretion to reopen the removal proceeding *sua sponte*", an exercise of "complete discretion" we lacked jurisdiction to review, "the Supreme Court rejected this jurisdictional rule and instructed [our] [c]ourt to stop recharacterizing requests to equitably toll the deadline for filing a statutory motion to reopen" in June 2015.  *Lugo-Resendez*, 831 F.3d at 343 (citing, *inter alia, Mata v. Lynch*, 135 S. Ct. at 2155–56).  More than another year passed, however, before Guerrero filed his September 2016 motion to reopen.

No. 17-60333

Moreover, Guerrero's reliance on *Silverio-Da Silva* is inapposite. The sentence Guerrero quotes from *Silverio-Da Silva* states in full: "Remand may be appropriate when the BIA's decision has become unsustainable in [the] light of an intervening change in binding precedent". *Silverio-Da Silva*, 675 F. App'x at 488 (citation omitted). To the extent this could be read, as Guerrero contends, to describe *Lugo-Resendez* as "an intervening change in binding precedent", such a characterization is incorrect. As stated, *Lugo-Resendez* itself noted (and Guerrero conceded in his opening brief in his original briefing here) that our court had never decided whether equitable tolling applied to a motion to reopen's filing deadline prior to *Lugo-Resendez'* so holding. *See Lugo-Resendez*, 831 F.3d at 343. And, in any event, it goes without saying that *Silverio-Da Silva*, an unpublished opinion, is not binding on our court. *E.g.*, *Dick v. Colo. Hous. Enters., L.L.C.*, 872 F.3d 709, 711–12 (5th Cir. 2017) (per curiam) (citing 5th Cir. R. 47.5.4).

Because the above-discussed equitable-tolling issue is dispositive of the instant petition for review, we need not consider Guerrero's contention that the BIA erred in determining he failed to file the required special motion seeking relief. *See Guevara v. Gonzales*, 450 F.3d 173, 176 n.4 (5th Cir. 2006).

DENIED.